977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Matthew TUCKER, Petitioner-Appellant,
v.
Michael TICKETT, Warden, California Institution for Men,
Respondent-Appellee.
 No. 91-55945.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Matthew Tucker, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Tucker was convicted by jury trial of voluntary manslaughter, attempted voluntary manslaughter, and assault with a deadly weapon. He contends that the state trial court denied him due process by excluding, pursuant to Cal.Evid.Code § 352, evidence regarding his voluntary surrender to police the day after the shooting. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 A state court's evidentiary ruling is grounds for federal habeas corpus relief if it renders the state proceeding so fundamentally unfair as to violate due process. Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). "To evaluate whether exclusion of evidence reaches constitutional proportions, we ... consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). We then "balance the importance of the evidence against the state interest in exclusion." Id.
 
 
 4
 Tucker contends that the exclusion of the evidence regarding his voluntary surrender deprived him of his right to put on a defense and rendered his trial fundamentally unfair because the evidence was probative of his lack of intent to kill when he fired four shots in a parking lot after an argument.
 
 
 5
 Most of the five Tinsley factors weigh against Tucker. See id. The evidence was reliable and although potentially confusing, could have been evaluated by the jury. Nevertheless, it was not particularly probative regarding the central issue of Tucker's intent because it could have been considered probative of his remorse following an intentional homicide. Moreover, other, more important evidence regarding the defense of lack of intent to kill was presented when Tucker testified that he brought the gun to the parking lot to protect himself and fired the shots in the air or at the ground. Because the potentially confusing nature of the evidence outweighed its minor probative value, the district court did not err by denying Tucker's due process claim. See Jammal, 926 F.2d at 919-20; Tinsley, 895 F.2d at 530.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3