981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jackie Wayne JOHNSON, Petitioner-Appellant,
v.
Roger W. CRIST, Warden; Grant Woods, Attorney General for
the State of Arizona, Respondents-Appellees.
 No. 92-15665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 8, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jackie Wayne Johnson, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Johnson was convicted for theft and trafficking in stolen property. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part, reverse in part, and remand.
 
 Procedural Default
 
 3
 Johnson's first contention is that the district court incorrectly determined that his claim of ineffective assistance of trial counsel in failing to develop a theory of the defense was procedurally barred. This contention has merit.
 
 
 4
 A federal court may not address a constitutional claim decided by a state court if that court's decision rests upon an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). In order for a claim to be procedurally barred on federal habeas, the state court addressing the claim must clearly and expressly rely on an independent and adequate ground. Id. at 2557; Harris v. Reed, 489 U.S. 255, 265 (1989). Where the highest state court does not explain the reason for denying a claim, a federal habeas court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). If the decision of the last state court fairly appears to rest primarily on federal law, or to be interwoven with federal law, a federal habeas court may address the merits of the claim. Coleman, 111 S.Ct. at 2557.
 
 
 5
 The Arizona Supreme Court will not consider a claim of ineffective assistance raised on direct appeal absent a separate evidentiary hearing, unless the court can clearly determine from the trial record that the ineffective assistance claim is meritless. State v. Marlow, 786 P.2d 395, 398 (Ariz.1989). The Arizona Supreme Court has outlined the procedure by which defendants should raise ineffective assistance claims as follows:
 
 
 6
 As a general matter, we recommend that when a defendant wishes to raise the question of ineffective assistance during the pendency of his appeals, he should file the proper petition under Rule 32, Ariz.R.Crim.P., 17 A.R.S., in the trial court and seek an order from the appellate court suspending the appeal. The trial court should then hold an evidentiary hearing and make its ruling. Afterward, a defendant should seek to consolidate the post-conviction proceedings with his direct appeal.
 
 
 7
 State v. Valdez, 770 P.2d 313, 319 (Ariz.1989).
 
 
 8
 The Arizona Court of Appeals suspended action upon Johnson's direct appeal to allow him to file his claim that counsel was ineffective in failing to present a theory of the defense in a state habeas petition. Upon the trial court's denial of Johnson's state habeas petition, the appellate court denied all of the claims that he now presents in his federal habeas petition on the merits without any reliance upon a state procedural bar. The Arizona Supreme Court denied review in a one sentence order. Therefore, the last reasoned state court decision denied the claim without relying on an independent and adequate state law ground. See Ylst, 111 S.Ct. at 2594. The district court was incorrect in holding that Johnson's claim of ineffective assistance of counsel in failing to develop a theory of the defense was procedurally barred, and we reverse its judgment and remand this claim for consideration upon the merits.
 
 
 9
 Other Ineffective Assistance of Counsel Claims
 
 
 10
 Johnson contends that his trial counsel was ineffective in failing to challenge the identification of Johnson as a participant in the sale of a stolen videocassette recorder (VCR), and to conduct an adequate pretrial investigation and interviews. In order for a habeas petitioner to prevail on an ineffective assistance claim, the petitioner must demonstrate that: 1) counsel's representation fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).
 
 
 11
 The district court noted that defense counsel interviewed all of the state's witnesses at least two days prior to trial. The court went on to hold that Johnson failed to show how he was prejudiced by counsel's failure to conduct the interviews earlier.
 
 
 12
 With respect to the identification issue, the state court found that Johnson's identity was not an issue because he told investigating officers that he sold the VCR to one of the victims. The district court was correct in holding that this finding is entitled to a presumption of correctness. See 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 551 (1981). Johnson has not presented any evidence to overcome the presumption. The district court held that there was no reason for counsel to challenge the identification, and that Johnson could not establish prejudice from counsel's failure to do so.
 
 
 13
 We agree with the judgment of the district court concerning Johnson's ineffective assistance claims and affirm.
 
 Improper Impeachment
 
 14
 Johnson's final contention is that the district court improperly denied his claim that the trial court erred by allowing the prosecution to impeach a defense witness with prior juvenile convictions. Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Mabry v. Johnson, 467 U.S. 504, 507 (1984). Therefore, federal habeas relief is generally not available for errors in state evidentiary rulings, unless such violations render the state proceeding so fundamentally unfair as to violate due process. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991).
 
 
 15
 Johnson does not state how the trial court's ruling violated his right to due process. Even if the trial court's ruling was incorrect under state law, there is nothing to suggest that it rendered Johnson's trial fundamentally unfair. Therefore, we affirm the judgment of the district court on this claim.
 
 Conclusion
 
 16
 We reverse the judgment of the district court with respect to its holding that Johnson's claim of counsel's ineffectiveness in failing to present a theory of the defense was procedurally barred and remand for consideration upon the merits. We affirm the judgment in all other respects.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3