983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon Odell ADAMS, Jr., Petitioner-Appellant,
v.
STATE OF CALIFORNIA, Respondent-Appellee.
 No. 91-16929.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Dec. 18, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon Odell Adams, Jr., a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second degree murder. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Adams asserts that he was denied a fair trial when the trial court determined that certain statements by his victim were "dying declarations" and admitted them as evidence. We disagree.
 
 
 4
 Violation of a state evidence rule does not constitute grounds for federal habeas corpus relief absent a constitutional violation. See Engle v. Isaac, 456 U.S. 107, 119 (1982); Jammal v. Van De Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). Because Adams argues that admission of the statements denied him a fair trial, we consider whether the admission of the statements was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. Jammal, 926 F.2d at 919-20; Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.), cert. denied, 479 U.S. 839 (1986); Batchelor v. Cupp, 693 F.2d 859, 865 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983).
 
 
 5
 Adams argues that the victim's statements were not dying declarations because the victim refused life support and thereby induced his own death. As a result, he argues, the declarations lack the indicia of reliability and trustworthiness that characterize true dying declarations. The state court disagreed, holding that the "crucial element in determining whether a declaration is sufficiently trustworthy for admission as a dying declaration is the declarant's sense of impending death--not the precipitating cause of death."
 
 
 6
 The state's application of its evidence rule does not constitute grounds for federal habeas corpus relief. States have "considerable freedom in adopting procedures for their own courts," and we do not "lightly construe the Constitution so as to intrude upon the administration of justice by the individual States." Perry v. Rushen, 713 F.2d 1447, 1451-52 (9th Cir.1983) (quotation omitted) (discussing state's application of its evidence rules), cert. denied, 469 U.S. 838 (1984). Adams received a fair trial, and federal habeas relief does not lie. See Jammal, 926 F.2d at 919-21.
 
 
 7
 Adams also argues that the victim "was not facing death at the time of his statements" and that the statements therefore were not dying declarations. The state court, however, determined that the victim's statements were made under a sense of impending death. The state court's resolution of this factual question is presumptively correct under 28 U.S.C. § 2254(d). See Galindo v. Ylst, 971 F.2d 1427, 1429 (9th Cir.1992) (per curiam). Adams has not established, nor does it otherwise appear, that the state court proceeding was deficient for any of the reasons listed in 28 U.S.C. § 2254(d)(1)-(7) or that the state court record does not fairly support the factual determination. See 28 U.S.C. § 2254(d)(1)-(8); Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990) (setting forth methods of overcoming section 2254(d)'s presumption of correctness), cert. denied, 111 S.Ct. 974 (1991). Moreover, Adams has not established by convincing evidence that the factual determination is erroneous. See 28 U.S.C. § 2254(d); Tinsley, 895 F.2d at 525. Accordingly, Adams has not demonstrated that admission of the statements denied him a fair trial. See Jammal, 926 F.2d at 919-20.
 
 
 8
 Adams also contends that he was denied the effective assistance of counsel because his counsel argued only that admission of the victim's statements violated his rights under the Confrontation Clause of the sixth amendment. Instead, Adams asserts, his counsel should have argued that the victim's statements were not "dying declarations" and thus were not admissible. Trial counsel, however, argued both (1) that the statements, if admissible as dying declarations, violated Adams's rights under the Confrontation Clause and (2) that the statements were not dying declarations and were not admissible. Appellate counsel raised both issues on direct appeal, and the California Court of Appeal rejected both arguments on the merits. Appellate counsel raised both arguments in the petition for review to the California Supreme Court, which denied review. Adams has not demonstrated that he was denied the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Adams also asserts that he was denied the effective assistance of trial counsel because his trial counsel represented him while intoxicated. This assertion fails because Adams has not demonstrated prejudice from his counsel's conduct. See id. at 687, 694.
 
 
 10
 In the district court, Adams also argued that admission of the victim's dying declarations violated his sixth amendment confrontation rights and that the state court erred by failing to consider arguments raised in his reply brief. Adams has not raised these arguments on appeal, and we do not consider them. In re Riverside-Linden Inv. Co., 945 F.2d 920, 924 (9th Cir.1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3