28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon A. HARVEY, Petitioner-Appellant,
v.
Eddie R. MYERS, Warden, Respondent-Appellee.
 No. 93-15680.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1994.*
Decided July 6, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 California state prisoner Vernon A. Harvey appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition, challenging his conviction for the second degree murder of James Mitchell. Harvey contends that: (1) the trial court improperly restricted his right to cross-examine witness Connie Wattley; (2) the trial court's admission of Wattley's testimony, regarding co-defendant Rivers' statement that Harvey hired Rivers to kill Mitchell, violated his right of confrontation, because the statement was not made in furtherance of the conspiracy to kidnap or kill Mitchell; and (3) the trial court violated his confrontation rights by admitting Rivers' edited confession. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986), and affirm.
 
 I.
 
 4
 Alleged Undue Restriction of Appellant's Right to
 
 
 5
 Cross-Examine Witness Connie Wattley.
 
 
 6
 Harvey argues that his right to confront and cross-examine witness Connie Wattley was unduly restricted by the trial court's denial of his request to cross-examine Wattley regarding statements by co-defendant Rivers that Rivers had committed other murders. Harvey argues that the murders to which Wattley referred never happened, and that cross-examination on the issue would diminish her credibility.
 
 
 7
 Petitioner's offer of proof at trial, however, contained an admission that he did not know whether the shootings actually occurred. The trial court thus prohibited this line of cross-examination because of lack of relevance under California Evidence Code Sec. 352 (probative value outweighed by prejudicial effect and undue consumption of time).
 
 
 8
 The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam) (emphasis in original). Trial judges retain wide latitude to impose reasonable limits on cross-examination that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Here both Harvey and co-defendant Rivers cross-examined Wattley at length concerning her drug use, and Wattley admitted lying under oath at the preliminary hearing. There was sufficient cross-examination at trial to establish bias, motivation and lack of credibility.
 
 II.
 
 9
 Admission of Witness' Statements Regarding Co-Defendant's
 
 
 10
 Statements.
 
 
 11
 Harvey next argues that the trial court's admission of Wattley's testimony regarding co-defendant Rivers' statement that Harvey had hired him to kill Mitchell violated his right to confrontation, and that the trial court should either have excluded the statement at the joint trial or given him a separate trial. Harvey further contends that the statement was not admissible under the coconspirator exception because it was not made in furtherance of the conspiracy to kidnap or kill Mitchell.
 
 
 12
 The trial court relied on California evidence rules and state case law in admitting the statements. Failure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). The admission of hearsay does not violate the Confrontation Clause if the hearsay bears "adequate indicia of reliability," Idaho v. Wright, 497 U.S. 805, 814-815, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and the "indicia of reliability" requirement may be met where the hearsay statement falls within a firmly rooted hearsay exception. Id. at 815 (quoting Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). The coconspirator exception is "firmly enough rooted in our jurisprudence that ... a court need not independently inquire into the reliability of such statements." Bourjaily v. United States, 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).
 
 
 13
 Both the state appellate court and the district court resolved this issue in favor of the government, reasoning that as the statements were made while Rivers was making efforts to collect money from Harvey, the statements were made while the conspiracy was ongoing, and therefore the statements fell under the coconspirator exception to the hearsay rule. This is not enough, however. The coconspirator exception to the hearsay rule requires that a statement be made during the course of and in furtherance of the conspiracy. Cal.Evid.Code Sec. 1223. See also Bourjaily, 483 U.S. at 183 (reviewing precedent and noting that "co-conspirators' statements, when made in the course and in furtherance of the conspiracy, have a long tradition of being outside the compass of the general hearsay exclusion"). Upon a review of the record, we agree with appellant that Rivers' statements to Wattley that Harvey had hired Rivers to kill Mitchell for money were not made in furtherance of the conspiracy to kidnap or kill Mitchell.
 
 
 14
 The government cites to People v. Easley, 34 Cal.3d 858, 873, 671 P.2d 813, 196 Cal.Rptr. 309 (1983), and People v. Saling, 7 Cal.3d 844, 852-53, 500 P.2d 610, 103 Cal.Rptr. 698 (1972), for the proposition that where payment of money is a crucial objective of a conspiracy, and a coconspirator's statement is made shortly after the substantive crime is committed but before the money is paid, the coconspirator's statements made be admissible under the coconspirator exception to the hearsay rule. The statements made in Easley and Saling, however, are distinguishable from those made in the present case. In Easley, the disputed statement was made for the apparent purpose of establishing among the conspirators who was entitled to payment and why. 196 Cal.Rptr. at 317. In Saling, the statement was made in order to enable the coconspirators "to maintain the integrity of their security until they received payment for their participation in the crime." 103 Cal.Rptr. at 703 n. 8. In both cases, the statements were made in furtherance of a subsidiary objective of the conspiracy: distribution of money.
 
 
 15
 That is not the case here. Rivers' statements regarding the conspiracy between Harvey and himself may have been made while the conspiracy between them was ongoing, but Wattley did not participate in the conspiracy between Harvey and Rivers, and the state has not shown how any statements Rivers may have made to Wattley regarding that conspiracy were "in furtherance" of the conspiracy. Since the state has not shown that Rivers' statements were made in furtherance of the conspiracy, Wattley's testimony regarding Rivers' statements that Harvey hired Rivers to kill Mitchell were erroneously admitted.
 
 
 16
 The error, however, was harmless. If the jury had believed Wattley's statements, Harvey would have been convicted of first, and not second degree murder. By convicting appellant of second degree murder, the jury necessarily rejected the evidence that appellant hired Rivers to kill Mitchell. The harmless error standard is applicable to violations of the Confrontation Clause. Van Arsdall, 475 U.S. at 680-81.
 
 III.
 
 17
 Admission of Codefendant Rivers' Edited Confession.
 
 
 18
 Harvey finally argues that the trial court's admission of the edited confession of codefendant Rivers violated his rights of confrontation. Prior to trial, Harvey's counsel noted that "[the prosecutor] and I have been able to arrive at an accommodation, such that I must concede as edited the tape is no longer objectionable on the part of Mr. Harvey." In rejecting Harvey's claim on direct appeal, the state appellate court ruled that "[t]here was simply no grounds for the trial court to find ... that the prosecution was seeking to introduce extrajudicial statements from which effective deletions had not already been made and stipulated to by appellant."
 
 
 19
 A habeas petitioner may not obtain federal review where the state court relies on an adequate and independent procedural waiver to reject the claim. Coleman v. Thompson, 111 S.Ct. 2546, 2556-57, 115 L.Ed.2d 640, 659 (1991). Under California law, a criminal defendant may not obtain appellate review of questions relating to the admissibility of evidence unless he objected to the evidence at trial. California Evidence Code Sec. 353. See also People v. Rogers, 21 Cal.3d 542, 548, 579 P.2d 1048, 146 Cal.Rptr. 732 (1978). As the California state appellate court relied on Harvey's trial stipulation to resolve this issue, federal review is precluded.
 
 
 20
 The district court's denial of the petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3