34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel BENNETT, Petitioner-Appellant,
v.
George DEEDS, Warden; Attorney General of the State of
Nevada, Respondents-Appellees.
 No. 93-16766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Bennett, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for second degree murder. Bennett contends that the admission at trial of expert evidence of illegal gang activities violated his due process rights, and that the admission of evidence of his gang membership violated his due process and First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo the district court's denial of a habeas corpus petition, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993), and we affirm.
 
 
 3
 * Background
 
 
 4
 Bennett and several of his friends heard about a fight at a convenience store between Max Allen and Noel Bright, and went to Bright's house. A second fight ensued at Bright's house, pitting Max, his brother Ricky, and their friends against Bennett's friends. Ricky died from injuries sustained in the fight.
 
 
 5
 Witnesses testified that the second fight started after Bennett said something about his "home boys." Several witnesses saw Bennett hit Ricky with a tire iron or crowbar, and heard Bennett yell the name of a local faction of the Crips gang during the fight. A number of witnesses testified that Bennett belonged to the gang, was known as the leader or "counselor" of the gang, was accompanied by members of the gang at the fight scene, and wore clothes associated with the gang on the night of the fight.
 
 
 6
 Bennett and other witnesses testified that Bennett was not involved in the fight, was not a gang member, and did not say anything during the fight. He and a friend went to Bright's house after learning of the convenience store fight because the friend was best friends with Bright. Bennett testified that he took a crowbar away from Max during the fight. Bennett also testified that he "guessed" that Bright and the friends with him on the night of the murder were gang members.
 
 
 7
 Officer Butz testified without objection that gangs protect their territory by retaliating against those who harm friends or associates of the gang, and that Bennett was the leader of a local Crips gang. Over Bennett's objection, Butz testified that: (1) gangs operate at night, "doing what they're doing, whether it's out selling narcotics, whether it's out with prostitutes, drive-by shootings, so forth, things of that nature;" (2) Butz belongs to an law enforcement association that collects and disseminates information to other officers about gang members who are wanted for shootings, have "possible contracts on officers," and distribute narcotics; (3) gang members flee California and other states and go to Las Vegas under assumed names; (4) gang members from other cities establish new operations in Las Vegas, and come to Las Vegas "when necessary to pick up the monies derived from the narcotics sales."
 
 
 8
 In Bennett's direct appeal to the Nevada Supreme Court he claimed that the trial court erroneously admitted evidence chronicling the illegal activities of gangs, and that there was insufficient evidence to convict him of murder. Bennett raised these claims in his federal habeas petition, and also contended that the admission of evidence showing his gang membership violated his due process rights and his First Amendment right of association. The state did not inform the district court that Bennett failed to present this last claim to the Nevada courts. The district court denied the petition and did not consider the gang membership claim because Bennett did not object to the evidence at trial.
 
 II
 Exhaustion
 
 9
 A state prisoner must exhaust his state court remedies before seeking habeas relief in federal court. Rose v. Lundy, 455 U.S. 509, 522 (1982). If the state fails to raise exhaustion as a defense, we may, in our discretion, address the merits of the unexhausted claim if it would serve the interests of comity, federalism, and the administration of justice. Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Taylor v. Kincheloe, 920 F.2d 599, 602 n. 1 (9th Cir.1990).
 
 
 10
 Here, the state failed to interpose an exhaustion defense, either in the district court or in this appeal. Moreover, as discussed below, we find that Bennett's unexhausted gang membership evidence claim lacks merit. Because the administration of justice and the interests of comity and federalism would be served best by addressing Bennett's claim rather than requiring exhaustion, we find that the exhaustion requirement has been waived. See Granberry, 481 U.S. at 134-35; Taylor, 920 F.2d at 602 n. 1.
 
 III
 Gang Related Evidence
 
 11
 The admission of evidence at trial may violate due process only if "there are no permissible inferences the jury may draw from the evidence." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991); see Henry v. Estelle, 993 F.2d 1423, 1427 (1993) amended, No. 91-55691, slip op. 9447 (9th Cir. August 19, 1994) (per curiam). A defendant's First Amendment rights may be violated if evidence of his membership in a gang shows only his abstract beliefs. See Dawson v. Delaware, 112 S.Ct. 1093, 1097-98 (1992).
 
 
 12
 A habeas petitioner is not entitled to relief based on constitutional trial error unless he shows actual prejudice, or that the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).
 
 
 13
 Bennett contends that admission at his trial of evidence of his gang membership violated his constitutional rights. We disagree. Part of the prosecution's theory at trial was that Bennett aided and abetted Ricky's murder. Under Nevada law, a person aids and abets by acting directly or indirectly to counsel, encourage, command, or induce another to commit the crime. See Hanley v. State, 451 P.2d 852, 854 (Nev.1969). Evidence showing that Bennett was a leader in a gang and made statements identifying the gang during the fight tended to show that Bennett counseled or encouraged his fellow gang members to strike and kick Ricky. A jury could also infer that Bennett's motive for fighting with Ricky and his friends was to retaliate against those who harmed Bright, a friend of the gang. Because the jury at Bennett's trial could draw permissible inferences from the gang membership evidence, admission of that evidence did not violate his due process and First Amendment rights. See Dawson, 112 S.Ct. at 1097-98; Jammal, 926 F.2d at 920.
 
 
 14
 The district court found that, although evidence of the illegal activities of gangs was irrelevant, the evidence did not have a substantial and injurious effect on the verdict. Bennett argues that the evidence influenced the jury's verdict.
 
 
 15
 We agree with the district court that Butz's testimony did not have a substantial or injurious effect on the verdict. Butz's generalized testimony about illegal gang activities was cut short by the trial court, and did not directly identify either Bennett or Bennett's gang. Given the extensive testimony about Bennett's gang membership and gang leadership, to which Bennett did not object, Butz's relatively brief, vague statements were unlikely to have an undue influence on the jury. Finally, Bennett admitted being present at the fight and holding a crowbar, and witnesses saw him participating in the fight, yelling before and during the fight, and hitting Ricky with the crowbar. While not overwhelming, the evidence against Bennett was weighty. We conclude that the erroneous admission of gang activity evidence did not substantially influence the jury. See Brecht, 113 S.Ct. at 1722.[1]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Bennett's sufficiency of the evidence claim because he did not raise the issue on appeal