37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Henry FARR, Petitioner-Appellant,
v.
Robert BORG, Warden, et al., Respondents-Appellees.
 No. 93-56506.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Oct. 12, 1994.
 
 Before: FEINBERG,** SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 1. The district court correctly ruled that appellant's federal rights were not violated by the state trial court's admission of evidence of his unidentified prior felonies. State evidentiary rulings are not cognizable in federal habeas corpus proceedings unless the admission of evidence violated the petitioner's rights under the Constitution, laws or treaties of the United States. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Appellant, who appears pro se, has not shown that admission of evidence of his prior felonies violated his due process right to a fair trial. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). The trial court limited any undue prejudice by instructing the jury to consider the evidence of the prior felonies for the sole purpose of assessing credibility. The court also barred the prosecutor from identifying the nature of the prior offenses, which were similar to several of the current charges.
 
 
 3
 2. The district court correctly rejected Farr's argument that his trial was rendered fundamentally unfair by the presence of the prosecutor in the courtroom during the hearing on Farr's motion for new counsel. The transcript of the state court hearing clearly reveals that the judge excluded the prosecutor from the proceedings, as the district court found. [Reporter's Transcript, in camera hearing, Jan. 6, 1986, Vol. I, 2, 17-19]. Appellant has presented no persuasive evidence to support his claim that the transcript has been altered. Even if the prosecutor had been present, Farr does not indicate how information revealed in the course of the hearing rendered his trial fundamentally unfair. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991).
 
 
 4
 3. The district court did not err in denying appellant's claim of ineffective assistance of trial counsel. In order to prevail, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, a more favorable outcome was reasonably probable. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992). Appellant presents a long list of alleged errors by trial counsel. The claim of ineffective assistance of trial counsel must fail, however, either because the so-called errors were not error at all or because appellant has not shown that it is reasonably likely that different action by counsel would have changed the outcome of the trial.
 
 
 5
 4. The district court did not err in denying appellant's claim that he received ineffective assistance from his appellate counsel. The standard for assessing the performance of appellate and trial counsel is the same. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989) (citing Strickland, 466 U.S. at 694). Appellant was convicted in state court of, among other things, multiple counts of both residential burglary and forcible rape. Appellant claims that his appellate counsel in the state court proceedings should have argued that trial counsel was ineffective for not objecting to introduction of physical evidence (a razor, handkerchief, used condom, condom wrapper and a large amount of toilet paper). Because such an argument would have been unlikely to change the outcome of the appeal, Mr. Farr was not denied effective assistance of appellate counsel.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3