106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cliff ST. JOSEPH, Plaintiff-Appellant,
v.
Robert G. BORG, Warden, Defendant-Appellee.
 No. 96-15148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 1
 Before: NORRIS, KOZINSKI, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 St. Joseph appeals the district court's denial of his petition for a writ of habeas corpus. St. Joseph claims that the trial court erred by (1) admitting into evidence the results of a test that presumptively, but not conclusively, demonstrates the existence of human blood; (2) granting partial immunity to a key witness against St. Joseph at trial; (3) criticizing St. Joseph's attorney in front of the jury; (4) excluding evidence that would impeach particular witnesses; and (5) refusing to allow St. Joseph to amend his habeas petition to include pages he had inadvertently omitted. In addition, St. Joseph claims that his trial counsel provided ineffective assistance because she failed to challenge four witnesses' mental competence, failed to object to the admission of evidence that St. Joseph claims was obtained without a warrant, and failed to call St. Joseph's roommate as a witness.
 
 
 4
 We review de novo the district court's decision to deny St. Joseph's petition for habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We will reverse a denial only when constitutional trial errors "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1712 (1993).
 
 
 5
 (1) Admissibility of presumptive blood test:
 
 
 6
 Both parties agree that the presumptive blood test met state law requirements for admissibility of scientific evidence and that California courts generally admit presumptive blood tests into evidence. See People v. Coleman, 46 Cal.3d 749, 775 (Cal.1988), cert. denied, 489 U.S. 1100 (1989). Nonetheless, St. Joseph argues that admitting the test into evidence violated his due process rights because the test was more prejudicial than probative and because the test supported no permissible inferences. These arguments fail. The evidence was not more prejudicial than probative. The jury was told that the blood test was only presumptive, that the test could pick up animal rather than human blood or other oxidizing agents (such as bleach), and that further tests were necessary to confirm or deny the existence of human blood. Thus, the jury had enough information before it to weigh the presumptive blood test evidence. And viewed together with other evidence of blood splatters on the French doors, a visible blood stain on the floor near the French doors, and tests confirming that the blood was the murder victim's blood type, the presumptive blood test evidence did support the permissible inference that someone had been murdered in St. Joseph's apartment. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) ("Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process."). We hold that the district court did not make a constitutional error when it ruled that the presumptive blood test raised an issue of fact for the jury to assess.
 
 
 7
 (2) Trial court's grant of partial immunity to Bork:
 
 
 8
 St. Joseph complains that the trial court granted incomplete immunity to Bork, in contravention of California Penal Code § 1324, and that the error violated St. Joseph's due process right because the error gave Bork an incentive to incriminate St. Joseph, thereby exculpating Bork himself, for the murder. Even if St. Joseph is correct that § 1324 requires the trial court to grant full transactional immunity in every instance, St. Joseph cannot establish that the error rises to the level of a due process violation. First, Bork stated that he was willing to testify without immunity regarding the murder. Second, during cross-examination, St. Joseph's counsel highlighted the scope of the immunity agreement and Bork's motivation to lie. Cf. United States v. Yarbrough, 852 F.2d 1522, 1537-38 (9th Cir.) (accomplices who have pled guilty may testify against nonpleading defendants without raising due process concerns; cross-examination should uncover any false testimony), cert. denied, 488 U.S. 866 (1988). St. Joseph cannot credibly complain about the admission of testimony that Bork was willing to give without immunity and that St. Joseph's attorney successfully impeached during trial.
 
 
 9
 (3) Trial court's criticism of St. Joseph's attorney:
 
 
 10
 St. Joseph next complains that the trial court's repeated criticism of St. Joseph's attorney in front of the jury evidenced the judge's bias in favor of the prosecution and therefore violated St. Joseph's due process right to have an impartial arbiter hear his claim. But "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Our review of the record shows that the trial court reprimanded both the prosecution and the defense attorneys when they made mistakes and that the trial court interrupted both the prosecution and the defense attorneys during their questioning of witnesses. Moreover, the trial court admonished the jury more than once not to infer partiality from any of the court's actions and the judge stated that he knew both the prosecution and the defense attorneys personally and considered them both "very professional." CR at 448. In light of the trial judge's evenhanded commentary regarding both counsels' performance at trial, we hold that St. Joseph suffered no due process violation from the trial judge's conduct.
 
 
 11
 (4) Admissibility of impeaching questions on cross-examination:
 
 
 12
 We do not consider St. Joseph's claim that the trial court erred by limiting his cross-examination of witnesses Spela and Bork because St. Joseph raised the claim for the first time in his traverse rather than in an amended petition for habeas corpus. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), cert. denied, 115 S.Ct. 1378 (1995).
 
 
 13
 (5) St. Joseph's motion to amend his habeas petition:
 
 
 14
 The district court did not abuse its discretion when it refused to allow St. Joseph to amend his habeas petition to include several pages omitted from his traverse. St. Joseph has not demonstrated that he suffered any prejudice from the district court's refusal to allow him to amend the petition.
 
 
 15
 (6) Ineffective assistance of trial counsel:
 
 
 16
 St. Joseph next argues that the district court erred by denying him an evidentiary hearing to determine whether his trial attorney had strategic reasons for (1) failing either to investigate or to challenge four witnesses' mental competence, (2) failing to object to the admission of evidence that St. Joseph claims was obtained without a warrant, and (3) failing to call St. Joseph's roommate as a witness.
 
 
 17
 The district court held that St. Joseph could not establish that his trial counsel failed to investigate the witnesses' mental competence because the record shows that counsel did conduct discovery into the witnesses' mental competence and counsel did question the witnesses about their mental states. Order at 36. St. Joseph has offered no more evidence than that already in the record concerning the witnesses' mental capacity. In addition, we agree with the district court that St. Joseph had not carried his burden of proof that his Fourth Amendment claim would be meritorious, and so the district court denied St. Joseph an evidentiary hearing on the admissibility of evidence obtained pursuant to an allegedly warrantless search. Order at 41; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (petitioner must show both that Fourth Amendment claim was meritorious and that there is reasonable probability that outcome would have been different in order to establish prejudice from counsel's failure to raise Fourth Amendment claim). Finally, we agree with the district court that the record supported the presumption that trial counsel provided effective assistance regarding trial counsel's decision not to call St. Joseph's roommate as a witness because the roommate had given testimony at a preliminary hearing that was more helpful to the prosecution than to the defense and because the roommate had been out of town during the relevant time period and so could not give any firsthand testimony regarding the events surrounding St. Joseph's charges. Order at 45. We see no error in these rulings.[1]
 
 CONCLUSION
 
 18
 We AFFIRM the district court's denial of St. Joseph's petition for a writ of habeas corpus.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The parties dispute whether the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-2255, applies retroactively to St. Joseph's case, but we need not decide this question because we hold that St. Joseph was not entitled to an evidentiary hearing under either pre-Act or post-Act standards