**Tyrone D. ROBINSON, Petitioner–Appellant,**

v.

**Steven CAMBRA, Jr., Warden Respondent–Appellee.**

No. 99–17670.

D.C. No. CV–96–00107–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided July 2, 2001.

---

Before SCHROEDER, Chief Judge, LAY *, and THOMPSON, Circuit Judges.

### MEMORANDUM **

Tyrone D. Robinson, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He contends (1) the state trial court's admission of Brian

Walton's taped statements deprived him of due process and effective assistance of counsel; (2) the record lacks sufficient evidence of deliberation and premeditation to support his conviction; (3) he was entitled to a voluntary intoxication instruction; (4) the prosecutor's closing argument was improper and denied him due process; and (5) the district court erred by denying him an evidentiary hearing to develop his ineffective assistance of counsel claim. We construe Robinson's notice of appeal as a request for a certificate of appealability. *See Slack v. McDaniel,* 529 U.S. 473, 481–82, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We grant the certificate as to all five issues raised by Robinson, and we affirm.

The primary issue is whether the admission into evidence of Brian Walton's taped statements, in their entirety, during Robinson's state court trial, rendered his trial fundamentally unfair, *see Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991), and whether his counsel's failure to assert an appropriate objection constituted ineffective assistance of counsel.

■ The portions of Walton's statements read at the preliminary hearing were properly admitted into evidence during Robinson's trial as prior inconsistent statements. *See* California Evidence Code §§ 780(h) (permitting the use of prior inconsistent statements for impeachment purposes) & 1235 (permitting a witness's prior inconsistent statement to be used as substantive evidence if the witness has an opportunity to explain or deny the prior statement); *see also People v. Green,* 3 Cal.3d 981, 998–99, 92 Cal.Rptr. 494, 479 P.2d 998 (1971) (explaining that a prior

* Honorable Donald Lay, Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

statement can be inconsistent with a witness's professed lack of memory).

■ With regard to the additional portions of the statements, which came into evidence at the time of trial when Walton's entire statements were admitted, the trial court may have erred in admitting the statements as prior consistent statements. *See* California Evidence Code § 791. However, even if this violated California law, Robinson is not entitled to federal habeas relief unless the error rendered his trial fundamentally unfair. *See Jammal,* 926 F.2d at 919 (erroneous admission of evidence in state trial denies a defendant due process only when the evidence "so fatally infect[s] the proceedings as to render them fundamentally unfair").

It is difficult to determine whether the admission of the additional statements rendered Robinson's trial fundamentally unfair, because Robinson failed to identify in his habeas petition in the district court, in his briefs in this court, or in oral argument just what statements he contends fatally infected his trial. Robinson argues generally that all of the statements were improperly admitted, and because they were used to bolster Walton's testimony, his trial was rendered fundamentally unfair. We disagree. During the reenactment of the preliminary hearing proceedings, the jury heard Walton's preliminary hearing testimony as well as the prior inconsistent statements which were used to refresh his recollection. The additional statements that came into evidence later as part of Walton's entire taped statements were merely cumulative of what the jury had already heard. As the California Court of Appeal stated, "while Walton was a key witness whose credibility was a key issue at trial, letting the jury hear the tapes added little to what was already explicit or implicit in his testimony." *See Robinson v. Cambra,* No. C96–0107 IS, 1998 WL

525793, at *7 (N.D.Cal. Aug.19, 1998) (quoting from the unpublished California Court of Appeal opinion). Robinson suffered no prejudice and his trial was not rendered fundamentally unfair.

Although Robinson now asserts a confrontation clause argument relating to Walton's statements, because he failed to raise this argument in the district court, the argument is waived. *Sanchez v. United States,* 50 F.3d 1448, 1456 (9th Cir.1995) (failure to raise an issue in the district court results in waiver of that issue on appeal).

Robinson's ineffective assistance of counsel claim also fails. He has not shown that, but for what he argues was his counsel's ineffective assistance, there is a reasonable probability the result of his trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to meet the prejudice prong, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

■ The remaining claims of error asserted by Robinson do not entitle him to federal habeas relief. A voluntary intoxication instruction was not required by the evidence, deliberation and premeditation was established by Walton's testimony and that testimony was sufficient to support Robinson's conviction. The prosecutor's closing argument, while emphasizing details of Walton's taped statements to bolster his testimony, did not constitute prosecutorial misconduct, and did not violate due process. The district court was not required to hold an evidentiary hearing to consider Robinson's ineffective assistance of counsel claim, because Robinson did not "make specific factual allegations which, if true, would entitle him to relief." *United States v. Keller,* 902 F.2d 1391, 1395 (9th

Cir.1990) (*quoting Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982)).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.