Kenneth FERGUSON, Petitioner–Appellant,

v.

Anthony NEWLAND, Respondent–Appellee.

No. 00–56039.

D.C. No. CV–99–00678–BTM.

United States Court of Appeals, Ninth Circuit.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON and RICHARD C. TALLMAN, Circuit Judges.

### MEMORANDUM **

Kenneth Ferguson appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state conviction for torture. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we review de novo the district court's denial of a section 2254 petition. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We affirm.

Ferguson first contends that the district court erred by denying his petition based on insufficiency of the evidence to support a conviction. The record, however, indicates that a reasonable juror could have found the essential elements of the crime of torture beyond a reasonable doubt.[1] *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (deciding that a federal habeas court must presume that the trier of fact's resolution of any conflicting inferences was made in the prosecution's favor).

Ferguson further contends that the trial court erred by admitting bad character evidence on the grounds that such evidence rendered his trial fundamentally unfair. To the extent that the state court's ruling is cognizable in federal habeas, *see Jammal v. Van de Kamp*, 926 F.2d 918, 919–20 (9th Cir.1991), the trial court properly found such evidence relevant to Ferguson's intent or motive for committing the act of violence, and thus the admission of the challenged evidence did not violate Ferguson's constitutional rights, *see Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). *See also People v. Helwinkel*, 199 Cal.App.2d 207, 18 Cal.Rptr. 685, 689 (Cal.Ct.App.1962) (stating that evidence which discloses bad character traits, but is otherwise relevant, is admissible to prove motive or intent).

Because the state court's conclusions were not clearly erroneous, the district court properly denied Ferguson's habeas petition. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied,* — U.S. —, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).[2]

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is therefore denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The statute under which Ferguson was convicted provided:

   Every person, who with the intent to cause cruel or extreme pain and suffering for the purpose of revenge, extortion, persuasion, or for any sadistic purpose, inflicts great bodily injury as defined in Section 12022.7 upon the person of another, is guilty of torture. The crime of torture does not require any proof that the victim suffered pain.

   Cal.Penal Code § 206 (West 1995).

2. We decline to address Ferguson's Application for Broadening of Certificates of Appealability for *Brady* Violation. *See* 9th Cir. R. 22–1 (2000); *United States v. Zuno–Arce*, 209

F.3d 1095, 1102 (9th Cir.2000) (declining to address motion to broaden certificate of appealability where defendant failed to comply with the express terms of Rule 22–1(d), or to provide a compelling reason for his noncompliance).

