**Talal B. JAMMAL,
Petitioner–Appellant,**

v.

**John K. VAN DE KAMP, Attorney General of the State of California; Superior Court of the County of Contra Costa, Respondents–Appellees.**

No. 89–16372.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1990.

Decided Feb. 28, 1991.

Ted W. Cassman, Cooper, Arguedas & Cassman, Emeryville, Cal., for petitioner-appellant.

Sharon Birenbaum, Deputy Atty. Gen., San Francisco, Cal., for respondents-appellees.

Before ALARCON, BRUNETTI and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether petitioner Talal B. Jammal is entitled to a writ of habeas corpus because of an evidentiary error at his criminal trial.

### Facts

Police arrested David Willis on suspicion of car theft and discovered a cache of drugs, $47,000 and a handgun in the trunk of the car. The gun and the car were registered to Jammal.

Everyone agrees that Willis stole the car from Jammal. According to Willis, he had decided to "get" Jammal because Jammal had ripped him off in a $50 marijuana transaction. He waited outside Jammal's house until Jammal came out; when Jammal started backing his car down the driveway, Willis ran up to the car and broke the driver's side window. Jammal fled out the passenger side door and Willis jumped into the still moving car and drove away. The drugs, Willis claimed, must have been in the trunk when he stole the car.

The police issued a warrant for Jammal's arrest but didn't arrest him until over a year and a half later. When the police arrested Jammal, they found over $135,000 in the trunk of the car he was driving.

At trial, Willis testified he had no idea the drugs and money were in the trunk of the car he had stolen until the police opened it; the drugs must have been Jammal's. Jammal pointed the finger at Willis, suggesting he must have put the drugs in the trunk after he stole the car; Willis, Jammal contended, was trying to get out of trouble by blaming Jammal. The prosecution presented evidence that Jammal had $135,000 in the trunk of his car when he was arrested. From that, the jury was to infer that the $47,000 previously found in the trunk of Jammal's car—and the drugs found with the cash—were Jammal's as well. The defense objected, contending that this evidence effectively branded Jammal a drug dealer and was therefore inadmissible character evidence. The objection was overruled and the jury convicted.

The California Court of Appeal held that the evidence was erroneously admitted but that the error was harmless. The California Supreme Court denied review.

### Discussion

We are not a state supreme court of errors; we do not review questions of state evidence law. On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir.1986), *cert. denied*, 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987). Jammal claims that he was denied his right to the fundamentally fair trial guaranteed by the due process clause. We therefore consider whether the admission of the evidence so fatally infected the proceedings as to render them fundamentally unfair. *See Kealohapauole*, 800 F.2d at 1465.

To begin with, we note that failure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief. While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness. *See Perry v. Rushen*, 713 F.2d 1447, 1453 (9th Cir.1983) ("Due process draws a boundary beyond which state rules cannot stray."), *cert. denied*, 469 U.S. 888, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law

violation is largely beside the point. As we explained in *Reiger v. Christensen:*

> The ... issue is not whether introduction of [the evidence] violated state law evidentiary principles, but whether the trial court committed an error which rendered the trial so arbitrary and fundamentally unfair that it violated federal due process.

789 F.2d 1425, 1430 (9th Cir.1986) (internal quotations omitted); *see Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir.1990) (petitioner not entitled to relief unless admission of evidence violated his right to a fair trial under due process clause).

■ Admission of evidence that Jammal was apprehended driving a car with $135,-000 in the trunk did not render the trial fundamentally unfair. That defendant was running around with large wads of cash in his trunk—something most people don't do—makes it more likely that he had also put the pile of cash in his trunk on the earlier occasion, when it was found with the drugs. The inference, in fact, is fairly strong.[1]

Jammal nonetheless argues that he suffered undue prejudice because the jury must have inferred he was a drug dealer. After all, who but a drug dealer (or some other type of miscreant) would carry around so much loot in the trunk of his car? Having deduced that Jammal was in the drug dealing business, he argues, the jury might have been inclined to convict him even if it were not otherwise convinced of his guilt.

■ This may be a problem, but not a constitutional one. Evidence introduced by the prosecution will often raise more than one inference, some permissible, some not; we must rely on the jury to sort them out in light of the court's instructions.[2] Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process. Even then, the evidence must "be of such quality as necessarily prevents a fair trial." *Kealohapauole*, 800 F.2d at 1465; *see id.* at 1466 (videotape of victim's autopsy, although unpleasant, not inflammatory and thus did not inject element of unfairness). Only under such circumstances can it be inferred that the jury must have used the evidence for an improper purpose.

It is on that basis that we distinguish *McGuire v. Estelle*, 902 F.2d 749 (9th Cir. 1990), *cert. granted,* —— U.S. ——, 111 S.Ct. 996, 112 L.Ed.2d 1177 (1991), upon which petitioner places principal reliance. As we read the opinion in that case, the prosecution had failed to link up the highly inflammatory evidence of prior bad acts—the sexual and physical abuse of a helpless infant—with the defendant. *Id.* at 753–54. Because the jurors had no reason to believe the defendant inflicted the baby's injuries, the evidence could only have influenced their decision by inflaming them. *Id.* This, when coupled with an instruction that directed the jury to misuse the evidence, impermissibly tainted the conviction. *See id.* at 755.

■ Here, there is a rational inference the jury could draw from the challenged evidence, an inference that is not constitutionally impermissible. *See* pp. 919, 919–920 & n. 1 *supra*. The jury was properly instructed. And the evidence was not highly inflammatory but relatively sterile: There's nothing illegal or immoral about

---

1. This is exactly how the prosecutor used the evidence.

   > [W]e have tied in the fact that the scales, the drugs, [and] the money [found in the stolen car were] all possessed by the same person.
   >   The person who possessed that had forty-seven thousand dollars in cash.
   >   October 1984, eighteen months after this incident, Mr. Jammal [is] driving another car also registered to him, and what's in the trunk?
   >   One hundred and thirty-five thousand dollars in cash.

   > I think we all ... are creatures of habit. We keep things of value in the same place.
   >   .... It's more than a coincidence that forty-seven thousand dollars was ... found April 11, 1983.
   >   Eighteen months prior to the one hundred and thirty-five thousand dollars.
   >   All cash, both times in the trunk, both cars registered to Mr. Jammal.
   > RT 480–81.

2. Having failed to request a limiting instruction at trial, Jammal is barred from complaining of the absence of one.

carrying large sums of cash in the trunk of a car; it's simply not the type of evidence that "necessarily prevents a fair trial." *Kealohapauole*, 800 F.2d at 1465. That state law does not permit the introduction of such evidence makes no difference for purpose of our constitutional analysis. Jammal got a fundamentally fair trial; habeas will not lie.

## Conclusion

There being no constitutional error, we affirm the district court's decision denying the writ.