972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew H. TRUSLEY, Petitioner-Appellant,
v.
Kurt S. PETERSON, Superintendent, Respondent-Appellee.
 No. 91-35430.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew H. Trusley, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Trusley was convicted following a jury trial of second-degree assault and false imprisonment. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Trusley first claims that the trial court erred by not admitting into evidence a psychiatric report that previously had been used to evaluate Trusley's competence to stand trial. Trusley submitted the report to support a defense of diminished capacity due to alcohol use, but the trial court refused to admit the report without the testimony of a psychiatrist to establish a foundation for the report. Trusley's claim is meritless.
 
 
 4
 Violation of a state evidence rule does not constitute grounds for federal habeas corpus relief absent a due process violation that renders the trial fundamentally unfair. See Jammal v. Van De Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 5
 Here, the state court found that when Trusley's attorney asked for a continuance to obtain expert testimony, Trusley refused to allow him to obtain expert testimony. This finding is supported by the trial transcript and is entitled to a presumption of correctness. See 28 U.S.C. § 2254(d); Burden v. Zant, 111 S.Ct. 862, 864 (1991). Moreover, Trusley presented evidence that he had been drinking on the night of the crime and that he had drinking problems, including black-outs. Thus, he was not precluded from presenting relevant evidence regarding his defense of diminished capacity. We conclude that exclusion of the psychiatric report did not render Trusley's trial fundamentally unfair. See Jammal, 926 F.2d at 919-20.
 
 
 6
 Trusley also asserts that he was denied the effective assistance of counsel because his trial counsel did not call expert witnesses to support his defense of diminished capacity due to alcohol use. We disagree. As the state court found, Trusley refused to allow his attorney to obtain expert testimony. We accord this finding a presumption of correctness. See 28 U.S.C. § 2254(d); Burden, 111 S.Ct. at 864. Moreover, Trusley presented other evidence regarding alcohol use. Trusley has not shown that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Trusley also contends that he received ineffective assistance of counsel at sentencing because his attorney withdrew on the day of sentencing and his substitute attorney was not given adequate "time [ ] or proper documents so that he could effectively represent the defendant at sentencing." This contention is meritless.
 
 
 8
 The state court made the following findings of fact. Trusley's counsel withdrew on the day of sentencing because Trusley threatened him. The sentencing court then continued the sentencing hearing for three weeks to give substitute counsel time to prepare for the sentencing hearing. Substitute counsel moved for copies of the trial transcripts and a further continuance to give him more time to prepare. The trial court denied the motion, determining that the three-week period was sufficient and the trial transcripts were unnecessary because the trial was straightforward and substitute counsel could confer with Trusley and trial counsel. Substitute counsel met with Trusley several times during the three-week period.
 
 
 9
 Given the state court findings of fact, which we accord a presumption of correctness, Trusley has not established that he was denied the effective assistance of counsel at sentencing. See 28 U.S.C. § 2254(d); Burden, 111 S.Ct. at 864; Strickland, 466 U.S. at 687.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3