15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles COLE, Petitioner-Appellant,
v.
Louis EASTER, Superintendent, Spring Creek Correctional
Center, State of Alaska, Respondent-Appellee.
 No. 93-35263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided Feb. 3, 1994.
 
 Before: WRIGHT, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Charles Cole was convicted of first degree murder as an accomplice, felony murder and robbery. The district court denied his habeas corpus claims that his trial was fundamentally unfair and that the evidence against him was insufficient. He appeals. We affirm.
 
 
 3
 We review de novo the denial of a petition for habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 4
 1. Dismissal of Habeas Petition for Failure to Exhaust
 
 
 5
 Alaska argues that Cole's petition contains an unexhausted claim and should be dismissed. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (mixed petition with exhausted and unexhausted claims should be dismissed). We disagree.
 
 
 6
 Cole fairly presented to the Alaska courts the substance of his federal claim that admission of uncharged robbery evidence denied him due process. See Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993). His legal theory on direct appeal required a ruling by the state court on whether this evidence appreciably influenced the jury. See Lerchenstein v. State, 697 P.2d 312, 319 (Alaska App.1985), aff'd, 746 P.2d 546 (Alaska 1986). This standard is comparable to how we decide if an error rendered a trial "fundamentally unfair." Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993).
 
 2. Evidence of Prior Robberies
 
 7
 Cole argues that evidence about his prior robberies of gay bar patrons was admitted for no proper purpose and rendered his trial fundamentally unfair. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991).
 
 
 8
 The Alaska appellate court held that the trial judge properly admitted the evidence to establish intent. Cole v. State, 754 P.2d 752, 756 (Alaska App.1988). Cole argues that the prior robberies are not sufficiently similar to the current offense to justify an inference of intent. We find that Cole has not adequately rebutted the presumption that the state court's finding of similarity was correct. 28 U.S.C. Sec. 2254(d).
 
 
 9
 Even if the trial court admitted the evidence for an improper purpose, Cole has not shown that it rendered his trial fundamentally unfair. The case against him was strong, and the bad acts evidence did not pervade the trial. See McKinney v. Rees, 993 F.2d 1378, 1386 (9th Cir.1993).
 
 3. Sufficiency of the Evidence
 
 10
 Cole also argues that the jury did not have sufficient evidence to convict him of first degree murder. We review the evidence in the light most favorable to the state to see if any rational jury could have found the essential elements of the charge. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 11
 Alaska had to prove that Cole knew that Decker intended to kill Barker, and that Cole performed some act of aid or encouragement intending to further Barker's demise. Bowell v. State, 728 P.2d 1220, 1223 (Alaska App.1986).
 
 
 12
 Cole watched as Decker bludgeoned Barker twice, and then he cut the telephone wire. Barker was not yet dead and a call for medical assistance may have saved his life. But Cole's actions ensured that the call was never made. The evidence was sufficient for the jury to find all the elements of first degree murder.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3