87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. SORENSEN, Petitioner-Appellant,
v.
Michael MAHONEY, Respondent-Appellee.
 No. 95-35576.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Sorensen, a Montana state prisoner, appeals pro se the district court's denial of his second 28 U.S.C. § 2254 habeas petition. Sorensen alleges that: (1) the trial court erred by admitting the testimony of a coconspirator, (2) he was arrested, his home searched, and his property seized in violation of the Fourth Amendment, and (3) he received ineffective assistance of counsel both at trial and on appeal. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.
 
 
 3
 * Successive Claims
 
 
 4
 Sorensen contends that: (1) the trial court erred by admitting the testimony of coconspirator Wayne Wagner, and (2) his arrest, and the search and seizure of various property violated the Fourth Amendment. We affirm the district court's dismissal of these claims as successive.
 
 
 5
 We review for abuse of discretion the denial of a habeas petition as successive or abusive. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits. A ground is sufficient legal basis for granting the relief sought; a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." Id. at 515-516 (quotations and citations omitted).
 
 
 6
 In his first habeas petition, Sorensen argued that the trial court erred in admitting Wagner's testimony. Sorensen v. McCormick, No. 91-36189, unpublished memorandum disposition, (9th Cir. Oct. 26, 1992). We held that admission of this testimony did not violate Federal or Montana Rules of Evidence or the Confrontation Clause. Id. We also held that Sorensen had received a full and fair hearing on his claim that his arrest and the search and seizure of his property violated the Fourth Amendment, and thus his claims were barred by Stone v. Powell, 428 U.S. 465, 494 (1976). Accordingly, we affirm the dismissal of these claims as successive. See Campbell, 997 F.2d at 515-516.
 
 II
 Abusive Claims
 
 7
 Sorensen contends that the district court abused its discretion by denying his ineffective assistance of counsel claim. We affirm the district court's dismissal of this claim as abusive.
 
 
 8
 A petitioner may abuse the writ by raising a new claim in a subsequent habeas petition that he could have raised in the first habeas petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). "To avoid the bar to further federal review raised by an abusive claim, a habeas petitioner must show cause for his failure to raise the claim earlier and actual prejudice," or he must supplement his constitutional claim with a colorable showing of factual innocence. Campbell, 997 F.2d at 524. To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 9
 Here, Sorensen does not dispute that his ineffective assistance of counsel claim is abusive. Instead, he argues that he can show cause for failure to raise this claim because he was denied access to the law library in prison. See e.g. Nigro v. Sullivan, 40 F.3d 990, 997 (9th Cir.1994) (implying that habeas petitioner who was personally denied access to prison law library could establish "cause"). We need not decide whether Sorensen's lack of access to the law library constitutes "cause," because Sorensen cannot show "prejudice." See Campbell, 997 F.2d at 524.
 
 
 10
 Sorensen argues that trial counsel rendered ineffective assistance when he failed to: (1) object to admission of Wagner's testimony, (2) successfully argue for the suppression of evidence allegedly seized in violation of the Fourth Amendment, and (3) argue for the exclusion of a bucket and notebooks admitted into evidence. Sorensen also argues that appellate counsel was ineffective for failing to raise the above issues on appeal.
 
 
 11
 First, we have previously held that admission of Wagner's testimony was entirely proper, see Sorensen, No. 91-36189, and thus, Sorensen cannot establish prejudice from counsel's failure to object to admission of this testimony, see Strickland, 466 U.S. at 687-92. Second, the record establishes that counsel's representation did not fall below "an objective standard of reasonableness" with regard to the Fourth Amendment claims. See id. In fact, Sorensen's counsel vigorously argued, in a day long pretrial suppression hearing, that Sorensen's arrest and the search and seizure of Sorensen's property violated the Fourth Amendment.
 
 
 12
 Third, Sorensen's argument that counsel should have objected to admission of "questionable" and "unreliable" inculpatory evidence, specifically a bucket and notebooks, is without merit.[1] In Montana, generally, "[a]ll relevant evidence is admissible. Mont.R.Evid. 402. "The test of relevance is whether an item of evidence will have any value, as determined by logic and experience, in proving the proposition for which it is offered." State v. Oatman, 911 P.2d 213, 216 (Mont.1996). The green bucket was initially videotaped in a marijuana field and later found on Sorensen's property, and the notebooks found in Sorensen's briefcase and Wagner's cabin contained coded watering schedules. Because these items were relevant in proving Sorensen's connection to the marijuana fields, they were admissible under the Montana Rules of Evidence. See id. Furthermore, the admission of inculpatory evidence violates the Due Process Clause of the United States Constitution only "if there are no permissible inferences the jury may draw from the evidence" and the evidence is "of such quality as necessarily prevents a fair trial." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) (quotations omitted); see also Estelle v. McGuire, 502 U.S. 62, 69 (1991). Because admission of the bucket and notebooks violated neither state law nor the United States Constitution, counsel's failure to object to their admission was not representation falling below "an objective standard of reasonableness." See Strickland, 466 U.S. at 687-92. Moreover, given that any objection by counsel would likely have been overruled, Sorensen cannot show prejudice. See id.
 
 
 13
 Finally, Sorensen's contention that counsel on appeal rendered ineffective assistance is belied by the record. Appellate counsel clearly raised the admission of Wagner's testimony and the Fourth Amendment claims, both of which were fully addressed by the Montana Supreme Court in State v. Sorensen, 792 P.2d 363, 365-367 (Mont.1990). In addition, appellate counsel had no obligation to raise every nonfrivolous issue, Miller, 882 F.2d at 1434, and given our disposition of Sorensen's claims regarding the bucket and notebooks, we cannot fault counsel for omitting these issues on appeal.[2] Sorensen has also failed to supplement his constitutional claims with a colorable showing of factual innocence. See Campbell, 997 F.2d at 524.
 
 
 14
 Because Sorensen's ineffective assistance of counsel claims lack merit, he cannot show "prejudice," and the district court did not err in dismissing this claim as abusive. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the motion under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Sorensen's convoluted and meritless argument that counsel should have objected that the bucket was inadmissible because the prosecution did not establish Sorensen's lack of an alibi for the time between when the bucket was seen in the marijuana field and when it was found on his property
 
 
 [2]
 Sorensen's contention that the district court erred by denying his motion for an evidentiary hearing lacks merit. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (holding that petitioner is entitled to an evidentiary hearing only if he alleges facts that would entitle him to habeas relief)