134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James F. LUDDON, Petitioner-Appellant,
v.
Annie ALEXANDER, Warden, Soledad Prison, Respondent-Appellee.
 No. 96-16533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1997.**
Decided Jan. 28, 1998.
 
 1
 Before BROWNING, PREGERSON, and HAWKINS, C.J.
 
 
 2
 MEMORANDUM*
 
 
 3
 CHESNEY, District Judge.
 
 
 4
 We affirm the denial of Luddon's petition for a writ of habeas corpus. We have no authority to review a state court's application of state law on habeas review, see Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991), and therefore address only Luddon's federal constitutional claims.
 
 
 5
 Bancroft's failure to consider calling Hallissy to the stand, despite the potential value of Sapp's statements, clearly was unreasonable. See Jones v. Wood, 114 F.3d 1002, 1010-11 (9th Cir.1997) (holding that counsel could be found ineffective for, inter alia, failing to investigate whether a third party committed the crime at issue, notwithstanding defendant's urging that he do so). However, Sapp's statements would not have been admissible, and Luddon therefore fails to demonstrate that his counsel's omissions prejudiced him.
 
 
 6
 We reject Luddon's claim that, under Chambers v. Mississippi, 410 U.S. 284 (1973), due process compels admission of Sapp's statements. Chambers is distinguishable. In that case, the Court emphasized that the hearsay statements at issue were "unquestionably against interest," since they subjected the declarant to a clear risk of criminal liability. See id. at 301. The reliability concerns underlying the hearsay rule were satisfied because the declarant's statements were corroborated by other, disinterested testimony and by physical evidence. See id. at 300-301. Thus, "[t]he testimony rejected by the trial court ... bore persuasive assurances of trustworthiness," id. at 302, and the trial court compromised Due Process by rigidly applying the state hearsay rule to exclude it. In contrast, Sapp's statements exculpating Luddon were plagued with reliability problems: (1) they were not directly against Sapp's interest, since he already had confessed to killing Duarte in sufficient detail to subject himself to a murder conviction and potential eligibility for the death sentence; (2) there was no evidence corroborating Luddon's lack of knowledge or Sapp's death threat except Luddon's own testimony, which is inherently suspect; and (3) the newspaper article reporting Sapp's statements exculpating Luddon included a statement revealing a possible motive to lie: Sapp said that "I have no intention of dragging anyone else down with me" and described Luddon as a "poor, unfortunate soul," thus suggesting his principal motive may have been to exculpate Luddon with his other statements.
 
 
 7
 We reject Luddon's claim that, under United States v. Benveniste, 564 F.2d 335 (9th Cir.1977), Sapp's statements exculpating Luddon must be deemed admissible because Sapp's hearsay statements inculpating Luddon were admitted at Luddon's trial. Benveniste does not stand for the proposition that Due Process demands evidentiary parity regarding hearsay statements, but merely applies Chambers' holding that due process precludes exclusion of reliable evidence that is exculpatory and crucial to the defendant's case. See id. at 342. Chambers does not compel admission of Sapp's statements exculpating Luddon because they are insufficiently reliable. In contrast to those statements, Sapp's confession that he planned and executed Duarte's murder were corroborated by the body to which he led police, the physical evidence in Luddon's house, and Laura Norris' testimony.
 
 
 8
 Prentice Bancroft, Luddon's counsel, did not render ineffective assistance by failing to object to the statement by Officer Tye suggesting Luddon was a liar. Bancroft's failure to object was not outside "the range of competence demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984) (citation and internal quotations omitted). It was objectively reasonable for Bancroft to believe that Officer Tye's testimony was not inadmissible opinion testimony, since Officer Tye was not being asked to state an opinion regarding Luddon's truthfulness. Rather, Bancroft inquired about Tye's motivation for questioning Luddon, and Tye explained that he was concerned with Luddon's truthfulness. Assuming Officer Tye's suspicion that Luddon was lying motivated Tye's questions, there was no way for Tye to communicate his motivation except to state his opinion of Luddon at the time of questioning.
 
 
 9
 California v. Sergill, 138 Cal.App.3d 34 (1982), would not have affected Bancroft's decision not to object. In Sergill, the prosecutor asked two police officers whether they believed the victim was telling the truth when they interviewed her, and the officers responded that they believed the victim to be truthful. See id. at 38. The California Court of Appeal held that the officers' testimony was inadmissible opinion testimony. See id. Because Bancroft did not directly ask Officer Tye to state his opinion of Luddon's veracity, it would have been reasonable for Bancroft to conclude that Sergill did not apply to exclude Officer Tye's testimony.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3