George Hammond BROWN,
Petitioner–Appellant,

v.

Gary LINDSEY, Warden, Respondent–
Appellee.

No. 98–16457.

D.C. No. CV–96–4082–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided Aug. 13, 2001.

Before PREGERSON, HENRY,[1] and HAWKINS, Circuit Judges.

## MEMORANDUM [2]

George Hammond Brown was convicted in state court of first-degree murder and solicitation for murder with respect to the death of his ex-wife, Nancy Joyce Brown. On November 12, 1996, Mr. Brown filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The district court denied the petition, and Mr. Brown now appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and, for the reasons stated below, affirm.

■ We review de novo the district court's decision to deny Mr. Brown's habeas petition. *See Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Because Mr. Brown did not file his petition until November 12, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs his case. Under AEDPA, we may grant habeas relief only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. The district court certified four issues for this court's consideration: (1) whether the trial court erred in admitting evidence that had been procured by a government agent (an informant) who had deliberately elicited from Mr. Brown incriminating information in violation of his Sixth Amendment right to counsel; (2) whether the prosecution improperly asserted in its closing argument that the informant's testimony need not be proven beyond a reasonable doubt; (3) whether the trial court erred in allowing a police officer to provide opinion testimony as to the crime scene when he was not an expert; and (4) whether the cumulative effect of the various errors was prejudicial.

■ As to the first issue, we agree with the California Court of Appeal that a document was admitted in violation of Mr. Brown's Sixth Amendment right to counsel under *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). However, we also agree with the state court that the admission of the document was harmless error because another document conveying similar information was already properly admitted into evidence.

■ As to the second issue, any potential prejudice caused by the prosecutor's misstatement was cured when the trial court correctly informed the jury (immediately after the prosecutor's misstatement) that "the instructions will read that [corroboration evidence] doesn't have to prove *the commission of the crime* beyond a reasonable doubt." This statement was correct as a matter of law. *See People v. Pearl,* 211 Cal.App.2d 783, 790, 27 Cal. Rptr. 664 (Cal.Ct.App.1963) (" 'It is not necessary that the corroborative evidence prove independently ... that [the defendant] is guilty beyond a reasonable doubt.' ") (quoting *People v. Griffin,* 98 Cal.App.2d 1, 219 P.2d 519, 533 (Cal.1950)).

■ As to the third issue, the California Court of Appeal held that the admis-

**1.** The Honorable Robert H. Henry, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion of the officer's testimony was error under state law. However, for purposes of habeas review, the question is not whether or not state law was violated but rather whether an error occurred "which rendered the trial so arbitrary and fundamentally unfair that it violated due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir.1991). In the instant case, the officer's opinion testimony did not rise to the level of a due process violation because it did little more than state the obvious: that cut telephone wires, a baked potato silencer, and a dead body suggested more than just a simple burglary.

Finally, we conclude that the errors discussed above, harmless separately, were not sufficiently prejudicial when taken together to dictate the granting of habeas relief under AEDPA's stringent standard of review. *See* 28 U.S.C. § 2254(d).

Accordingly, we AFFIRM the judgment of the district court.