Harold B. SHAMBURGER,
Plaintiff–Appellant,

v.

James ROWLAND, Director, CA Dept of Corrections, Defendant–Appellee.

No. 97–16166.

D.C. No. CV–90–20084–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided Sept. 7, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

California state prisoner Harold B. Shamburger appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his 1985 murder conviction.

The certificate of appealability limits our review to a single issue: "whether petitioner's due process rights were violated at his murder trial when testimony and physical evidence concerning a separate murder were admitted over his objection." *See Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The springboard for petitioner's claim is the testimony of a principal trial witness claiming that Shamburger had previously admitted committing a separate murder. The testimony that Shamburger had acknowledged committing an earlier murder was undisputably admissible in evidence as a statement of a party opponent. *See* Cal. Evid.Code § 1220. Shamburger objected at trial not to that statement, but to the witness' further testimony about the circumstances surrounding Shamburger's earlier statement. The description of those circumstances was highly prejudicial to the defendant, because the circumstances included the fact that when Shamburger admitted the prior murder, he was in the course of committing still another murder, and was a member of a gang.

The trial court carefully considered defense counsel's objection and the argument that the circumstances were prejudicial, but eventually concluded that they were relevant to the jury's evaluation of the credibility of the government witness. Since the defense position was that Shamburger never made the statement to the witness, the witness' credibility was very much an issue.

Our review of evidentiary matters in habeas proceedings is limited. There can be a denial of due process in connection with the admission of evidence, no matter how prejudicial, only if the evidence is wholly lacking in any probative value. *Jammal v. Van De Kamp*, 926 F.2d 918, 920 (9th Cir.1991). This is not such a case. The witness' testimony about the circumstances surrounding the statement by the party opponent had some probative value, for the jury was entitled to evaluate the context in which Shamburger's alleged admission took place in order to assess the witness' credibility. In addition, the trial judge carefully instructed the jury that it should consider the witness' testimony about the circumstances of Shamburger's alleged admission only for the limited purpose of assessing the witness' credibility. *See* John W. Strong, *1 McCormick On Evidence* § 185 (5th ed. 1999) ("The parties may question the credibility of the witnesses and, within limits, produce evidence assailing and supporting their credibility"). We express no opinion as to whether a similar evidentiary ruling would be upheld in a case arising under the Federal Rules of Evidence on direct appellate review of a criminal conviction. In this case, there was no constitutional error.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.