Peter Edmund **SILVERBRAND,** Petitioner–Appellant,

v.

Ernest C. **ROE,** Warden, Respondent–Appellee.

No. 03–15616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 7, 2004.

As Amended on Denial of Rehearing Aug. 2, 2004.

Jolie S. Lipsig, Esq., Sacramento, CA, James S. Thomson, Esq., Berkeley, CA, for Petitioner–Appellant.

Paul Edward O'Connor, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, HUG, and TALLMAN, Circuit Judges.

### MEMORANDUM *

This is an appeal from the denial of Peter Silverbrand's petition for habeas corpus under 28 U.S.C. § 2254. The parties are familiar with the factual and procedural history of this case, so we recount it only as necessary to explain our decision. A California Superior Court convicted Silverbrand of murder and sentenced him to life imprisonment. Silverbrand ultimately filed the instant petition in federal district court. The district court correctly denied habeas relief and we affirm its decision.

We review the district court's denial of Silverbrand's petition de novo. *Bartlett v. Alameida*, 366 F.3d 1020, 1023 (9th Cir.2004). We look to the last reasoned

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decision of the state appellate courts. *See id.* Here that is the California Court of Appeal's June 4, 1990 decision upon its direct review of Silverbrand's conviction. We may reverse the district court's denial of habeas relief only if the state court's adjudication of Silverbrand's claims resulted in a decision contrary to or involving an unreasonable application of United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Bartlett,* 366 F.3d at 1023. We examine the state court's treatment of each of Silverbrand's claims in turn.

Silverbrand contended that his trial counsel was inadequate in his manner of interviewing Rodney Smith, a potential alibi witness, because the attorney failed to make a record of his interviews or have another person present to substantiate Smith's statements if he refused to testify. Smith had stated that he and Silverbrand had exchanged vehicles and that he had driven the van that was found at the scene of the murder. Smith asserted his Fifth Amendment rights at the time of trial and refused to testify. Silverbrand's attorney explained that he did not have another person present or record Smith's statements because of the likelihood he would decline to talk freely with the attorney. Silverbrand also contends that it was unreasonable for the attorney not to take the stand and relate what Smith had told him. The state court found that these allegations did not amount to ineffective assistance of counsel. There is a strong presumption that counsel's actions fall within a wide range of professionally reasonable conduct. *Yarborough v. Gentry,* 540 U.S. 1, 124 S.Ct. 1, 5, 157 L.Ed.2d 1 (2003). Courts must not rely on hindsight in establishing the outer limits of this range of acceptable conduct. *Bell v. Cone,* 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Accepting the deference owed to the state decision in federal habeas review, we cannot say that the evaluation was objectively unreasonable.

 Silverbrand next argues that the trial court's admission into evidence of portions of the book, *Hitman: A Manual for Independent Contractors,* violated his right to due process of law. There can be no violation of due process if there was a permissible inference to be drawn from the contested evidence. *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991). Police found the book in a search of Silverbrand's residence and the state offered the book to prove Silverbrand's identity as the murderer. The book is an instruction manual for aspiring assassins, and the court of appeal identified twenty-four unique similarities between *Hitman*'s directives, Silverbrand's actions, and the conduct of the murder. The state decision is not an unreasonable application of Supreme Court precedent and the district court properly denied this claim as well.

Silverbrand's third claim is that the trial court violated his due process rights by refusing his requested jury instruction. Silverbrand conceded in his direct appeal that the requested instruction was inappropriate, but argued that the trial court should have modified the instruction sua sponte to state that the named witness was unavailable to either side and that the jury should draw no inference from his failure to testify. Instructional error violates due process only where it has a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(internal quotation marks and citation omitted). Silverbrand did not show that the omitted instruction affected the verdict and the district court properly denied this claim.

Silverbrand's cumulative error claim lacks merit because there were no errors to accumulate. The state appellate deci-

sion is not contrary to or an unreasonable application of federal law, so federal habeas relief is unavailable. The district court properly denied Silverbrand's petition.

AFFIRMED.