**Senh DUONG, Petitioner,**

v.

**Joseph L. MCGRATH, Warden, Respondent.**

**No. 03–16918.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2005.

Decided April 1, 2005.

Eric S. Multhaup, Esq., Mill Valley, CA, for Petitioner.

Morris Beatus, Esq., George F. Hindall, III, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent.

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM *

Senh Duong appeals from the district court's denial of his Petition for Writ of Habeas Corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's denial of a habeas petition brought under 28 U.S.C. § 2254, *see Gill v. Ayers*, 342 F.3d 911, 917 (9th Cir.2003). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. The California Court of Appeal's determination that the comments made by the prosecutor in petitioner's state court trial did not violate *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), was not a decision that "was contrary to, or involved an unreasonable application of, clearly established

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254; *see also Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Comment on the inadequacy of the defense in general does not constitute *Griffin* error. *See Lockett v. Ohio,* 438 U.S. 586, 595, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). In this case, the prosecutor's argument as to the lack of an alibi defense did not rise to the level of a *Griffin* violation.

■ 2. The admission of gang evidence did not violate Duong's rights under the federal Constitution. To obtain federal habeas relief based upon state court admission of evidence, the petitioner must show that the admission of the evidence was so prejudicial as to deny the petitioner his right to due process and a fair trial. *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991). The California Court of Appeal concluded that gang evidence was relevant to establish motive for the murders. The prosecutor told the jury that Duong himself was not a gang member. The district court instructed the jury regarding the limited purposes for which the jury could consider gang evidence. Thus, there were permissible inferences the jury could draw from the evidence.

■ 3. Duong's rights under the federal Constitution were not violated by the trial court's failure to present Duong's proposed jury instructions on the issue of accomplice statements. A state court's refusal to use a proposed jury instruction can give rise to federal habeas relief only if the error so infected the trial that the defendant was deprived of his rights to due process and a fair trial. *See Dunck-*

*hurst v. Deeds,* 859 F.2d 110, 114 (9th Cir.1988). The habeas petitioner shoulders an "especially heavy burden" when the alleged instructional error comes from an omission or incomplete instruction, rather than a misstatement of the law. *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Duong's proposed instructions related to the unreliability of accomplice testimony and the need for corroboration of such testimony. The trial court, relying on California's pattern criminal jury instructions, instructed the jury to "view the testimony of an accomplice with distrust," told the jury that it "cannot find a defendant guilty based upon the testimony of an accomplice unless that testimony is corroborated by other evidence," and gave several other instructions on accomplice testimony. The instructions given adequately encompassed Duong's theory of the case, and he has failed to show a violation of his due process rights due to the omission of his proposed instructions.

4. Viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient for the jury to find that premeditation and deliberation had been proven beyond a reasonable doubt. *See Payne v. Borg,* 982 F.2d 335, 338 (9th Cir.1992).

■ 5. Duong was not deprived of due process and a fair trial when the trial court permitted the prosecutor to submit additional evidence during jury deliberations. The California Court of Appeal concluded that Duong was not prejudiced by the admission of this evidence because the jury had heard the evidence during trial, the prosecutor's failure to formally admit the evidence was inadvertent, the defense stipulated to its admission, the trial court stated that it would have admitted the evidence were it not for the prosecution's oversight, and Duong has shown no preju-

dice from its admission. This conclusion is neither "contrary to" nor "an unreasonable application of" federal law, nor is it "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254. As Duong has shown neither error nor prejudice from the admission of this evidence, Duong was not deprived of the effective assistance of counsel when his state-appointed appellate counsel failed to raise the late submission issue on direct appeal.

AFFIRMED.