**Son Truong NGUYEN, Petitioner—Appellant,**

v.

**David L. RUNNELS, Warden, Respondent—Appellee.**

No. 04–15179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2005.

Decided April 4, 2005.

C. Roman Rector, Esq., Sacramento, CA, for Petitioner–Appellant.

Kristin A. Erickson, Law Offices of Kelley & Erickson, Westminster, CA, George F. Hindall, III, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM *

Petitioner Son Nguyen appeals from the denial of his Petition for Writ of Habeas Corpus. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the denial of a habeas petition brought under 28 U.S.C. § 2254, *see Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir.2003), and we affirm.

■ 1. Nguyen's due process and fair trial rights were not violated by the admission of gang evidence at his state court trial. To obtain federal habeas relief based upon state court admission of evidence, the petitioner must show that the admission of the evidence was so prejudicial as to deny the petitioner his right to due process and a fair trial. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991). In Nguyen's case, the California Court of Appeal ruled that the gang evidence was properly admitted to show motive for the shootings and that, although the evidence established that Nguyen himself was not a gang member, the evidence of motive as to one coconspirator was admissible as to all. The trial record supports this conclusion, particularly in light of the fact that the trial court instructed the jury that gang evidence was admissible only to show motive, and juries are presumed to follow limiting instructions with respect to the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

purposes for which evidence is admitted. *See Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir.1997).

■ 2. Nor was Nguyen denied due process and a fair trial because the district court did not sever his trial from his codefendants' trials. "Improper joinder does not, in itself, violate the Constitution." *United States v. Lane*, 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Misjoinder rises to the level of a constitutional violation "only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.* Nguyen asserts that trial with his codefendants prejudiced him, first, because of the gang evidence, and second, because the *Bruton* concerns of his codefendants forced the trial court to use a redacted transcript of his police interview, thereby prohibiting him from asserting a complete duress defense. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, the California Court of Appeal concluded that Nguyen was able to assert his duress defense as well as, or better than, he would have if the unredacted transcript had been admitted into evidence. Further, as discussed above, the gang evidence was admissible to show motive. Nguyen has given no reason to doubt the conclusion of the California Court of Appeal that Nguyen was not prejudiced by the trial court's failure to sever.

■ 3. The state trial court did not violate Nguyen's constitutional rights by imposing heightened courtroom security measures. Nguyen has not shown that he was prejudiced by the imposition of security measures; thus, his right to a fair trial has not been implicated. Nguyen also asserts that the security measures violated his right to a public trial. *See* U.S. CONST. amends. VI, XIV; *see also Waller v. Georgia*, 467 U.S. 39, 46–47, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). The California Court of Appeal held that the security measures did not result in even a partial courtroom closure. Nguyen fails to cite any Supreme Court authority to the contrary, and in the absence of such authority, the decision of the Court of Appeal cannot be contrary to, or an unreasonable application of, established federal law. *See* 28 U.S.C. § 2254(d).

■ 4. Given our holding that no reversible error was committed in this case, Nguyen is not entitled to federal habeas relief on his claim of cumulative error. *See United States v. Carreno*, 363 F.3d 883, 889 n. 2 (9th Cir.2004) (noting that the cumulative error doctrine does not apply where there was no error).

AFFIRMED.