**Bruce Wai YEUNG, Petitioner— Appellant,**

**v.**

**Claude E. FINN, Respondent— Appellee.**

No. 05–15156.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 19, 2005.

Dennis P. Riordan, Esq., Riordan and Horgan, San Francisco, CA, for Petitioner—Appellant.

Gregory A. Ott, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent—Appellee.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Bruce Yeung, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Although the prosecution breached its duty to the Petitioner by failing to disclose the prosecution's telephone conversation with Elsa's civil attorney, this breach does not arise to a *Brady* violation because the withheld information was not material. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (citation omitted). Here, the prosecution presented at least five independent sources of evidence that would not have been impeached by Elsa's alleged financial bias in convicting Petitioner: (1) Price's testimony describing Elsa's screams that prompted him to call 911; (2) Elsa's screams heard over the phone by the 911 dispatcher; (3) multiple police officers' testimony that Elsa was lying on the pavement with her pants down, crying hysterically when the officers arrived at the scene; (4) Petitioner's own statements to the police admitting that Elsa had repeatedly told him to stop; and (5) evidence of physical injuries to both Petitioner and Elsa, including bruises, scratches, and cuts. Therefore, although the prosecution should have disclosed the information, Petitioner still "received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 290, 119 S.Ct. 1936.

■ Petitioner's trial was not rendered fundamentally unfair by Detective Westgaard's testimony. "We are not a state supreme court of errors; we do not review questions of state evidence law. On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms." *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir.1991). "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." *Id.* at 920. Here, the jury could draw from Detective Westgaard's testimony the permissible inference that many rape victims show little or no emotion when describing the rape. Additionally, Detective Westgaard's assertion that Elsa's in-court testimony was consistent with her pre-trial interviews, even if improperly admitted, did not render Petition-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

er's trial fundamentally unfair, in light of the overwhelming evidence listed above.

■ The trial court's limitation on Petitioner's cross-examination of Elsa did not implicate his right to present a complete defense. The passages in Elsa's book have little, if any, probative value on whether Petitioner thought Elsa consented to the sexual contact because Petitioner does not allege that he knew Elsa read the book or even that Petitioner was familiar with the book's contents. Moreover, because there is no reason to believe Elsa actually followed the book's directives, the evidence was not reliable to establish her state of mind. *See Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990) (listing the factors to consider to determine whether the exclusion of evidence constitutes a constitutional error).

■ Additionally, Petitioner's inability to cross-examine Elsa on her job status does not amount to a constitutional error. The state court of appeal found the proffered cross-examination "minimally probative, unduly time consuming, and unduly prejudicial." Because Petitioner did not rebut this factual finding with clear and convincing evidence, this Court must presume it correct. 28 U.S.C. § 2254(e)(1). Based upon the state court's factual determination, it was not an unreasonable application of federal law to preclude such a cross-examination. *See Montana v. Egelhoff,* 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (concluding that a defendant does not have "an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.") (citation and quotation omitted) (alteration in original).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

None of the Petitioner's alleged errors, individually or cumulatively, "had substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation and quotation omitted). Therefore, habeas relief is not warranted.

**AFFIRMED.**