**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL GOMEZ LOPEZ, | No. 08-17319 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-00543-JAM-DAD |
| v. | |
| D. L. RUNNELS and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Manuel Gomez Lopez appeals from the district court's denial of his habeas

petition challenging his state conviction on two counts of making terrorist threats

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

in violation of California Penal Code § 422 (1999). Lopez asserts that: (1) the evidence was insufficient to support his conviction for making a terrorist threat against his coworker; (2) the exclusion of evidence that his coworker had a history of mental illness violated his Sixth Amendment right to confront witnesses; (3) the erroneous admission of evidence of a prior bad act rendered his trial fundamentally unfair; and (4) the ineffective assistance of his counsel denied him due process due to cumulative errors. Lopez filed a timely notice of appeal. We review his request for relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).

**1.** The sufficiency of the evidence is determined "by whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under AEDPA a federal court may only grant relief if the state court unreasonably applied the principles underlying *Jackson*. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 n.12 (9th Cir. 2005). Even if Lopez's statement "I'm going to get you" is ambiguous, his repetition of the threat, his prior statements as to his dangerousness, and his subsequent statements were more than sufficient to allow the jury to find him guilty of making a terrorist threat.

**2.** Although a defendant has a right under the Sixth Amendment to cross-

examine a witness against him, this right is not unlimited. *Davis v. Alaska*, 415 U.S. 308, 316 (1974). The California Court of Appeal reasonably determined that his coworker's history of mental illness was not relevant to either her subjective sustained fear from Lopez's threat or the objective reasonableness of her fear. This decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). Accordingly, Lopez has not shown that he is entitled to relief on his claim under the Sixth Amendment.

**3.** We do not review questions of state evidence law, but consider "whether the admission of the evidence so fatally infected the proceedings as to render them fundamentally unfair." *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991). The trial court admitted Lopez's former roommate's testimony not as evidence of propensity to commit a crime, but as rebutting Lopez's testimony that he was a "nice guy." Lopez has not cited any Supreme Court case limiting the use of such evidence in rebuttal, and, in *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991), the Court declined to create a constitutional barrier to admitting prior crimes as evidence of propensity. Lopez has not carried his burden of showing that the admission of his former roommate's testimony denied him a fair trial.

**4.** To prevail on a claim of ineffective assistance of counsel, Lopez must show "that counsel's representation fell below an objective standard of reasonableness," and was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Lopez claimed that counsel was ineffective in failing to: (a) reasonably investigate the law in seeking to admit evidence of his coworker's mental illness; (b) adequately defend against the admission of evidence of a prior bad act; and (c) request that his manager's testimony regarding Lopez's uncle be stricken or the jury admonished. None of the claims is persuasive. Trial counsel vigorously sought to admit evidence of his coworker's mental illness, and there is no indication that any further investigation or argument would have made a difference. Assuming that counsel could have more strenuously objected to the admission of Lopez's roommate's testimony, Lopez has not presented any constitutional argument mandating the exclusion of such evidence on rebuttal. Finally, because the trial court sustained trial counsel's objection to his manager's testimony, any further request to strike the testimony or for an admonishment would have focused the jury's attention on the unwanted testimony. Lopez has failed carry his burden of showing ineffective assistance of trial counsel.

The district court's denial of Lopez's habeas petition is **AFFIRMED**.

4