Samuel Lee **WAULS**, Petitioner—
Appellant,

v.

Ernest C. **ROE**, Warden, Respondent—
Appellee.

No. 02–56661.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 11, 2005.

Samuel Lee Wauls, CVSP–Chuckawalla Valley State Prison, Blythe, CA, pro se.

Gretchen Fusilier, Esq., Carlsbad, CA, Louis W. Karlin, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

## MEMORANDUM *

California state prisoner Samuel Lee Wauls appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Wauls asserts that (1) the trial court violated his constitutional right to be present at a critical stage of the trial by allowing the jury to play back a witness's audiotaped statement in Wauls's absence, (2) the trial court violated his rights under the Confrontation Clause of the Sixth Amendment by admitting the tape into evidence, and (3) the trial court abused its discretion by admitting the tape after jury deliberations had begun. Wauls also seeks to broaden the certificate of appealability (COA) to encompass four uncertified issues. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm the district court and deny Wauls's motion to expand the COA.[1]

We review the denial of a habeas petition de novo. *Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). Wauls's petition is governed by the Antiterrorism and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them only as necessary to explain our decision.

Effective Death Penalty Act (AEDPA), which bars a federal court from granting habeas relief unless the state court's adjudication on the merits resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d). Where a state court adjudicates the merits of an issue without providing its underlying reasoning, we conduct an independent review of the record to determine whether the state court's resolution of the issue constituted an objectively unreasonable application of clearly established federal law. *Greene v. Lambert*, 288 F.3d 1081, 1088–89 (9th Cir.2002); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003).

### I.

■ First, Wauls alleges that he is entitled to habeas relief on the ground that the trial court violated his constitutional right to presence at a critical stage of the trial by permitting the jury to hear a playback of a witness's audiotaped statement in Wauls's absence. Wauls bases his claim on the fundamental right of criminal defendants to "personal presence at all critical stages of the trial," *Rushen v. Spain*, 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (per curiam), a right rooted in both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Because the Supreme Court has never held that a jury readback or playback is a critical stage of the trial at which a defendant has a right to be present, we conclude, following our independent review of the record, that the state court's denial of this claim was not an objectively unreason-

able application of clearly established federal law. *Himes*, 336 F.3d at 853.

### II.

Second, Wauls argues that the trial court's decision to admit into evidence a witness's audiotaped statement violated his right to cross-examine adverse witnesses under the Confrontation Clause of the Sixth Amendment. *See California v. Green*, 399 U.S. 149, 155–58, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Because this claim was neither exhausted in the state courts nor raised in the district court, the COA as to this issue was improvidently granted. *See Phelps v. Alameda*, 366 F.3d 722, 728 (9th Cir.2004) (recognizing that in exceptional circumstances it may be appropriate for a merits panel to vacate a COA, such as where its issuance was "so far off the mark that the certificate is simply invalid on its face").

■ In any event, this claim lacks merit. To the extent that Wauls claims the trial court misapplied California evidence law in admitting the statement, federal habeas relief is unavailable. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir.1991) ("[W]e do not review questions of state evidence law. On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms."). To the extent that Wauls alleges the trial court violated the Sixth Amendment by admitting the statement into evidence, the Supreme Court's decision in *United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), forecloses this argument. *See id.* at 558–60, 108 S.Ct. 838 (holding that the Confrontation Clause is

not violated when a court admits into evidence a prior out-of-court statement of a witness who asserts at trial that she no longer recalls the basis for her past statement). Thus, we conclude that the trial court's decision to admit the statement into evidence was not contrary to, or an unreasonable application of, clearly established federal law.

### III.

Third, Wauls asserts that the trial court abused its discretion by reopening the case to admit the tape into evidence after jury deliberations had begun. However, because Wauls does not assert that this error amounted to a violation of his federal constitutional rights, habeas relief is unavailable. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475; *Jammal,* 926 F.2d at 919. Nor is an evidentiary hearing required.

### IV.

Finally, Wauls seeks to expand the certificate of appealability to encompass four additional claims: (1) the trial court violated his Fifth Amendment rights by admitting into evidence a statement Wauls made to police without *Miranda* warnings; (2) his Sixth Amendment right to counsel was violated when his two *Marsden* motions were denied; (3) the district court abused its discretion by failing to hold an evidentiary hearing on his Sixth Amendment conflict of interest claim; and (4) his appellate lawyer denied him effective assistance of counsel by failing to raise certain issues on appeal. We conclude that reasonable jurists would not find the district court's assessment of these claims debatable or wrong, and therefore we deny Wauls's motion to expand the COA.

For the foregoing reasons, we AFFIRM the district court's denial of habeas relief and DENY Wauls's motion to expand the COA.

AFFIRMED.