FILED

**NOT FOR PUBLICATION**

JUL 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER LUNDIN,<br><br>                    Petitioner - Appellant,<br><br>  v.<br><br>S. KERNAN, Warden,<br><br>                  Respondent - Appellee. | No. 11-56425<br><br>D.C. No. 2:06-cv-01271-ABC-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted July 8, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Christopher Lundin appeals from the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. Lundin argues that his Confrontation

Clause and due process rights were violated when the state trial court admitted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence of gang graffiti linking him to the crime and permitted expert testimony regarding the graffiti. He also contends that his trial counsel was ineffective for failing to object to the graffiti evidence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, which prescribes a highly deferential standard preventing a federal court from granting relief to a person in custody pursuant to a state court judgment "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In considering a habeas petition, "we review the last reasoned decision from the state court, which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (internal quotation marks omitted). In this case, the last reasoned decision is the October 20, 2006, decision of the Los Angeles County Superior Court.

The state court's denial of Lundin's claims was not contrary to or an unreasonable application of clearly established federal law. The graffiti evidence and related testimony do not implicate the Confrontation Clause because the graffiti is non-testimonial. *See Crawford v. Washington*, 541 U.S. 36, 51–52, 59 (2004).

Nor did the admission of the graffiti evidence violate Lundin's due process rights. There were permissible inferences to be drawn from that evidence, such as that the crimes were gang-related. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). The evidence did not render the trial "fundamentally unfair." *Drayden v. White*, 232 F.3d 704, 710 (9th Cir. 2000).

Further, Lundin has not shown that his lawyer's performance fell "below an objective standard of reasonableness" when he failed to object to the graffiti evidence which, as we already said, was admissible and not unconstitutional. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

**AFFIRMED**.