**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY AVERY SCOTT, | No. 10-55319 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01995-DDP-SH |
| v. | |
| RALPH M. DIAZ, Warden, SATF Corcoran, California, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 5, 2014[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Larry Avery Scott appeals the district court's denial of his habeas corpus

petition. Scott contends that: (i) the erroneous admission of prior conduct evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

resulted, independently or cumulatively, in a denial of his due process right to a fair trial; and (ii) his trial counsel's failure to object to a witness's recorded statement suggesting that Scott or another defendant was "[t]he guy that killed . . . Gil Bailey" constituted ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

I

Scott contends that admission of witness statements suggesting that he shot someone and killed someone else resulted, independently or cumulatively, in a denial of his due process right to a fair trial. A state trial court's evidentiary rulings do not provide grounds for federal habeas relief unless "the alleged errors rise to the level of a due process violation." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Shannon Brown's testimony that Scott had shot her husband was relevant because it was responsive to defense counsel's questioning and revealed her bias against Scott. Will Brown's recorded statement suggesting that one of the defendants "killed . . . Gil Bailey" was relevant to Will Brown's fear of Scott and his co-defendant, which provided a possible explanation for Will Brown's failure

---

[1] Because the parties are familiar with the history of the case, we repeat only those facts necessary to explain our decision.

to identify Scott or the co-defendant at trial. Because the jury could draw permissible inferences from the contested evidence, and the court instructed the jury to consider the evidence only for its legitimate purposes, the state court's determination that none of the contested evidence was erroneously admitted was not contrary to or an unreasonable application of clearly established federal law. *See Harrington v. Richter*, 131 S. Ct. 770, 783-84 (2011) (quoting 28 U.S.C. § 2254(d)(1)); *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Moreover, even if any of the evidence was admitted in error, Scott has not shown that any of these errors had a substantial and injurious effect or influence on the jury verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). The trial judge admonished the jury multiple times that Shannon Brown's statements were admitted for only the limited purpose of assessing her credibility or state of mind. The trial judge clarified that there was no evidence, arrest, or prosecution against Scott for shooting Shannon Brown's husband. Additionally, Will Brown's statement about Gil Bailey's killer was ambiguous as to whom it referred, part of a poor-quality recording, and never mentioned again throughout the trial. Accordingly, any error did not have a substantial and injurious effect or influence on the jury verdict.

II

3

Scott contends that his trial counsel's failure to object to Will Brown's statement regarding "[t]he guy" that killed Gil Bailey violated his rights under the Sixth Amendment. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Scott must demonstrate that: (1) his defense counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.

The California Court of Appeal determined that Will Brown's statement was properly admitted, meaning that any objection would have been meritless. *See Juan H. v. Allen*, 408 F.3d 1262, 1273-74 (9th Cir. 2005) (holding that the state court was not objectively unreasonable in determining that the performance of counsel did not fall below an objective standard of reasonableness for failing to make a meritless objection). Scott also fails to show any prejudice as a result of the failure to object. As discussed previously, the statement was ambiguous as to the killer's identity, was part of a poor-quality recording, and never came up again throughout the entire trial. These facts do not suggest a reasonable probability that, but for trial counsel's failure to object, Scott would have been acquitted. The state courts' denial of this claim was not contrary to, or an unreasonable application of *Strickland. See Richter*, 131 S. Ct. at 783-84 (quoting 28 U.S.C. § 2254(d)(1)).

**AFFIRMED.**

4